UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:**
**06-21944-CIV-MORENO**

PEDRO MARTINEZ,

     Plaintiff,

vs.

MIAMI -DADE COUNTY,

     Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 2)**, filed

on **August 8, 2006**.  For the following reasons, Defendant's Motion to Dismiss is granted in part and

denied in part.

**Background**

On August 2, 2006, this action, originally filed in the 11th Judicial Circuit in and for Miami-

Dade County, Florida, was removed by Defendant to this Court.  Plaintiff, in a seven-count

complaint, brings suit against the County for injuries sustained when the County's police officers

arrested Plaintiff on July 10, 2002.  In Counts I through VI, Plaintiff asserts various state law tort

claims, including battery, assault, negligence, and infliction of emotional distress.  In Count VII,

Plaintiff alleges that the County deprived Plaintiff of his civil rights.  Plaintiff, in his Response to

the Motion to Dismiss, argues that Count VII asserts a violation of such rights under "the United

States and/or Florida Constitutions."  See Plaintiff's Response, ¶2.

**Count VII**

Count VII of Plaintiff's Complaint is for a "Violation of Civil Rights."  According to Plaintiff, this Count should be construed to mean a violation of such rights under either the United States Constitution or the Florida Constitution, or both.  Plaintiff's claim fails in several respects.

Although not framed as such in the Complaint, by claiming a "violation of civil rights," Plaintiff attempts to bring a § 1983 claim against the County.  Section 1983 provides, in relevant part, that: "Every person who, under color of any statute, ordinance, regulation, custom or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983.

First,  a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. See City of Canton v. Harris, 489 U.S. 378, 385 (1989).  A municipality can only be found liable under § 1983 "where the municipality *itself* causes the constitutional violation at issue." Id. (emphasis in original).  This requires Plaintiff to point to a municipal "policy" or "custom" that is the cause of his injury.  Grech v. Clayton County, Ga., 335 F.3d 1326, 1329 (11th Cir. 2003).

To allege a § 1983 cause of action against a municipality, therefore, requires proof of "either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." Id. at 1330. Under either of these avenues, "a plaintiff (1) must show that the local governmental entity, here the county, has authority and responsibility over the governmental function in issue and (2) must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." Id.

In ¶5 of Plaintiff's Complaint, he alleges that liability for acts of Defendant's officers "are imputed to the Defendant pursuant to the doctrine of *respondeat superior* . . . ."  This allegation is incorporated into Count VII of the complaint.  Therefore, Plaintiff is claiming that Defendant Miami-Dade County is vicariously liable for the acts of its police officers.  No such action lies against Defendant on a *respondeat superior* theory under § 1981.

Further, Plaintiff has not met the pleading requirements laid out by the 11th Circuit, discussed *supra*.  Plaintiff has not pointed to an official county policy or an unofficial custom or practice, authority and responsibility of the county over the governmental function at issue, or an official who speaks with final policymaking authority for the county.

Plaintiff's claim also fails for a second reason.  He has failed to identify any particular constitutional right violated by the purported acts of the police officers under either the United States *or* Florida Constitutions.  For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**, without prejudice, as to Count VII of Plaintiff's Complaint.  Plaintiff shall have until **October 25, 2006**, to file a new complaint.

## Counts I through VI

Defendant's Motion to Dismiss is **DENIED**, without prejudice, as to the remaining Counts of Plaintiff's Complaint.  Defendant shall have leave to re-file its Motion to Dismiss upon Plaintiff's filing of a new complaint.

**ADJUDGED** that the motion is GRANTED in part and DENIED in part.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>12</u> day of October, 2006.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Robert A. Romagna, Esq.

Wifredo A. Ferrer, Assistant County Attorney